NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SCOT HEAGNEY, derivatively on behalf of
BLDG X, LLC,

*Plaintiff*,

v.

WEST NY REST, LLC, and JEREMY
CASILLI,

*Defendants*.

Civil Action No. 26-875

**OPINION and ORDER**

May 18, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiff Scot Heagney's Motion for Preliminary Injunction (ECF 11, "Motion" or "Mot.") against Defendants West NY Rest, LLC ("West LLC") and Jeremy Casilli ("Casilli"). The Court has decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**WHEREAS** Plaintiff initiated this action on January 28, 2026 by filing the Complaint. (ECF 1, "Complaint" or "Compl.") Plaintiff alleges that BLDG X operates Hudson & Co., a waterfront restaurant in Jersey City, New Jersey, and has used a certain logo in connection with its operation. (Compl. ¶¶ 1-2.) Plaintiff alleges that West LLC operates West & Co., a waterfront brasserie in West New York, New Jersey, and has used "a confusingly similar logo in connection with the marketing of the upcoming West & Co. restaurant." (*Id.*) Plaintiff claims that the two logos share a common layout, font, capitalization convention, and anchor graphic. (*Id.* ¶ 3.) Plaintiff claims Defendant Casilli holds a membership interest in and exercises managerial control over both BLDG

1

X and West LLC. (*Id.* ¶ 4.) Plaintiff alleges that disinterested members of BLDG X were not notified of West LLC's intent to create and use the West logo and did not authorize it. (*Id.* ¶¶ 27-31); and

**WHEREAS** the Complaint seeks relief under seven causes of action: Count I for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), (*id.* ¶¶ 37-45); Count II for dilution by blurring and tarnishment under the Lanham Act, 15 U.S.C. § 1125(c), (*id.* ¶¶ 46-52); Count III for unfair competition under the New Jersey Fair Trade Act, N.J. Stat. Ann. § 56:4-1 *et seq.*, and the New Jersey common law (*id.* ¶¶ 53-60); Count IV for trademark and tradename infringement under the New Jersey common law (*id.* ¶¶ 61-66); Count V for unlawful misappropriation of name, brand, trademark, reputation or goodwill under the New Jersey Fair Trade Act, N.J. Stat. Ann. § 56:4-1, *et seq.*, (*id.* ¶¶ 67-78); Count VI for unlawful dilution of famous marks under N.J. Stat. Ann. § 56:3-13.20, *et seq.*, (*id.* ¶¶ 79-82); and Count VII for breach of fiduciary duty against Defendant Casilli (*id.* ¶¶ 83-86.) Plaintiff asks the Court to award him an injunction preventing Defendants from engaging in any commercial use of the West logo, compensatory and punitive damages, restitution, and attorneys' fees and costs under 42 U.S.C. § 1988. (*Id.* ¶¶ A-G); and

**WHEREAS** on April 22, 2026, almost three months after filing the Complaint, Plaintiff filed the instant Motion seeking a preliminary injunction. (*See generally* Mot.) On May 1, 2026, Defendants filed their brief in opposition to the Motion. (ECF 16, "Opposition" or "Opp.") On May 8, 2026, Plaintiff filed a reply. (ECF 18, "Reply"); and

**WHEREAS** injunctive relief is an "extraordinary remedy and should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The Court may grant an injunction only if a party shows: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief

2

will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318 (3d Cir. 2015). A party must produce sufficient evidence of all four factors, and the Court must weigh them prior to granting injunctive relief. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). However, "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Riley v. Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); and

**WHEREAS** upon reviewing the parties' submissions on the Motion, the Court finds that Plaintiff has failed to establish that he has a likelihood of success on the merits. Federal unfair competition and false designation of origin claims under Section 1125(a) of the Lanham Act and trademark infringement claims under Section 1114(1) are measured by identical standards. *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000). Likewise, "the elements of a claim of unfair competition under the Lanham Act are the same as for claims of unfair competition and trademark infringement under New Jersey statutory and common law." *Buying For The Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310, 317-18 (D.N.J. 2006); *Konowicz v. Carr*, 838 F. App'x 1, 7 (3d Cir. 2020). And, "[i]n New Jersey, liability for common law trademark infringement is established when a defendant violates the federal Lanham Act for trademark infringement." *Bambi Baby.com Corp. v. Madonna Ventures, Inc.*, No. 18-12669, 2019

3

WL 2337447, at *9 (D.N.J. June 3, 2019); *Coach, Inc. v. Cosmetic House*, No. 10-2794, 2011 WL 1211390, at *5 (D.N.J. March 29, 2011) ("[L]iability for trademark infringement under federal law is sufficient to establish common law trademark infringement."); and

**WHEREAS,** to establish an unfair competition and false designation of origin claim under the Lanham Act, a plaintiff must show that "(1) the defendant uses a false designation of origin, as defined in the Act; (2) that such use of a false designation occurs in interstate commerce in connection with goods and services; (3) that such false designation is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of the defendant's goods or services by another person; and (4) that the plaintiff has been or is likely to be damaged." *Jews for Jesus v. Brodsky*, 993 F. Supp. 282, 309 (D.N.J. 1998) (emphasis omitted). Plaintiff does not allege facts that would give rise to a reasonable inference that Defendants' commercial use of the West logo "is likely to cause confusion, mistake, or deception as to the origin" of the logo. *Id.* The two businesses have different names, food and beverage menus, and customer bases and are separated by six miles of waterfront in a densely populated county. (*See* Mot. at 2-4; Opp. at 3-4, 9.) Considering these facts, for purposes of seeking preliminary injunctive relief, Plaintiff has not demonstrated a likelihood of success on the merits for Counts I, III, IV, and V; and

**WHEREAS** Section 1125(c) of the Lanham Act protects owners of famous marks that are "widely recognized by the general consuming public of the United States." A trademark dilution claim has the following elements: (1) "plaintiff is the owner of a mark that qualifies as a 'famous' mark," (2) defendant is making commercial use of the mark in interstate commerce, (3) defendant began using the mark after the plaintiff's mark became famous, and (4) "[d]efendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods or services." *Times Mirror Mags., Inc. v. Las Vegas Sports News, LLC*, 212 F.3d 157, 163 (3d Cir.

2000). Because the New Jersey anti-dilution statute appears to be the state law equivalent of Section 1125(c) of the Lanham Act, courts have applied the same analysis to both types of claims. *See, e.g.*, *Lorillard Tobacco Co. v. Tiger Mart, Inc.*, No. 03-1327, 2005 U.S. Dist. LEXIS 54184, at *21 (D.N.J. Jan. 20, 2005). Here, Plaintiff asserts that Hudson & Co. and its accompanying logo are "famous and distinctive ***in the Hudson River waterfront restaurant market***." (Mot. at 2 (emphases added).) But "recognition within a specific niche market is insufficient to establish fame. . . . [T]he mark must be 'widely recognized by the general consuming public of the United States' to be famous." *Muhammad v. Nike, Inc.*, No. 20-17892, 2021 U.S. Dist. LEXIS 171981, at *6-7 (D.N.J. Sep. 10, 2021) (quoting *Green v. Fornario*, 486 F.3d 100, 105 (3d Cir. 2007)). Because Plaintiff does not allege that its Hudson logo is "widely recognized by the consuming public of the United States," Plaintiff has not demonstrated a likelihood of success on the merits for Counts II and VI. 15 U.S.C. § 1125(c)(2)(A); and

**WHEREAS,** to establish a claim for breach of fiduciary duty under New Jersey law, "a plaintiff must show that: (1) the defendant had a duty to the plaintiff; (2) the duty was breached; (3) injury to the plaintiff occurred as a result of the breach; and (4) the defendant caused that injury." *Namerow v. PediatriCare Assocs., LLC*, 461 N.J. Super. 133, 146 (Ch. Div. 2018). Here, Plaintiff has only baldly asserted that Defendant Casilli owes fiduciary duties to Plaintiff due to his position as a managing member of BLDG X and that Casilli breached those various duties. (*See* Compl. ¶¶ 83-86; Mot. at 10; Reply at 5.) This Court does not accept such assertions as sufficient to demonstrate a likelihood of success on the merits for Count VII. *Cf. Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (holding a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations"); and

5

**WHEREAS** even if Plaintiff established a likelihood of success on the merits, Plaintiff has not established irreparable harm. "[T]o show irreparable harm[,] a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. Economic loss does not constitute irreparable harm." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, although Plaintiff contends there is a rebuttable presumption of a showing of irreparable harm here, (Mot. at 11), "there is no presumption of irreparable harm afforded to parties seeking injunctive relief in Lanham Act cases." *Ferring Pharms., Inc., v. Watson Pharms., Inc.*, 765 F.3d 205, 216 (3d Cir. 2014). Plaintiff further argues that Defendants' continued use of the West logo will "irreversibly confus[e] consumers, divert[] goodwill, and destroy[] Plaintiff's ability to control its brand." (Mot. at 1.) Yet Casilli exercises managerial control of and has an interest in the economic success of both Hudson & Co. and West & Co. (*See* Mot. at 4; Opp. at 10.) Plaintiff fails to establish irreparable injury because he fails to allege any facts that would give rise to a reasonable inference of customer confusion or lost sales stemming from Defendants' alleged infringement. Therefore, the Court finds Plaintiff has failed to establish that he faces an immediate risk of irreparable harm warranting this Court's issuance of a preliminary injunction. For these reasons,

**IT IS** on this 18th day of May, 2026

**ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF 11) is **DENIED.**

**SO ORDERED.**

> */s/ Jamel K. Semper*
> **HON. JAMEL K. SEMPER**
> **United States District Judge**

Orig:   Clerk
cc:      Leda D. Wettre, U.S.M.J.
Parties